**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CR-0004-CVE |
| ) | (08-CV-0527-CVE-PJC) |
| JUAN DESHANNON BUTLER, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court are defendant Juan DeShannon Butler's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 63), Motion to Extend (Dkt. # 64), and Motion for Judgment of Pleadings (Dkt. # 70).[1] Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." The United States responded to Butler's § 2255 motion (Dkt. # 68), and argues that it was filed beyond the statute of limitations and should be dismissed. The government also argues that the Motion to Extend should not be construed as a § 2255 motion.

---

[1] Although Butler has selected the title "Motion for Judgment of Pleadings," it is not a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Rather, it is a request to learn the status of his case and to supplement his § 2255 motion. This Opinion and Order satisfies Butler's request for an update on the status of his case and, on that basis, Butler's request for a status update is moot. His request to supplement the § 2255 motion is addressed in Part III.

**I.**

On January 6, 2005, a one-count indictment was returned against defendant, Juan DeShannon Butler, charging him with unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and with being an armed career criminal in possession of a firearm and ammunition, in violation of 18 U.S.C. § 924(e)(1). Dkt. # 2. On September 19, 2005, Butler went to trial (Dkt. # 35) and was convicted by a jury on September 20, 2005. Dkt. # 43. Butler was sentenced to 180 months imprisonment. Dkt. # 47.

Butler appealed his conviction and sentence on January 27, 2006 (Dkt. # 50), and his conviction and sentence were affirmed by the Tenth Circuit on May 7, 2007. Dkt. # 61. Butler's conviction became final on August 6, 2007,[2] when the time to file a petition for a writ of certiorari to the Supreme Court expired. Thus, a timely § 2255 motion had to be filed on or before August 6, 2008. On or about August 15, 2008, Butler prepared a handwritten motion, which he called a Motion to Extend.[3] Dkt. # 64. On September 10, 2008, the Court received Butler's § 2255 motion

---

[2] Ninety days expired on August 5, 2007, but because it was a Sunday, Butler's conviction became final on August 6, 2007.

[3] On or about July 31, 2008, Butler sent a similar request to the Tenth Circuit (Dkt. # 64). While that request was within the limitations period, it was improperly before the Tenth Circuit and was not considered. Moreover, as discussed below, an extension of time to file a habeas petition will not be granted. See Part II infra.

2

to vacate, set aside, or correct sentence.[4]  Therefore, Butler's motion was filed after the one-year statute of limitations provided by § 2255, and his motion is untimely.

**II.**

Paragraph 6 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, provides, in pertinent part, as follows: "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ."  A defendant's conviction is final 90 days after the date of the order affirming defendant's conviction on direct appeal unless defendant files a timely petition for a writ of certiorari.  See United States v. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000); Sup. Ct. R. 13.  A district court has no authority to grant an extension of time to file a § 2255 motion.  See Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) (holding that a "federal court would not have jurisdiction to consider [defendant's] motion to extend time").  See also Espinoza-Matthews v. California, 432 F.3d 1021, 1023-24 (9th Cir. 2005) (upholding the district court's dismissal of petitioner's motion for extension of time to file a habeas petition for lack of jurisdiction, noting that because the petition had not yet filed a habeas petition there was no case or controversy for the court to decide).

Here, Butler filed a handwritten letter requesting an extension of time to file his § 2255 motion.  Dkt. # 64.  In the letter, Butler claims that he was unaware that his attorneys had not

---

[4]  The Tenth Circuit has applied the "prison mailbox rule" to a federal inmate's filing of a § 2255 motion and, if the defendant utilizes the prison's legal mail system, the Court should look to the date of mailing rather than the date of filing to determine the timeliness of defendant's § 2255 motion.  United States v. Gray, 182 F.3d 762, 765 (10th Cir. 1999).  However, even if Butler placed his motion into the prison mail system on the date written on the motion (September 3, 2008), it is still after the expiration of the limitations period and is untimely.

3

prepared a petition for a writ of certiorari to the Supreme Court and, accordingly, had not yet started to prepare his § 2255 motion. Id. However, because this Court does not have the authority to extend the time to file a § 2255 motion, Butler's Motion to Extend is denied.[5]

Although Butler's Motion to Extend is denied, Butler is a pro se habeas petitioner and is entitled to every benefit of the doubt. See Hall v. Bellmon, 935 F.2d 1109-10 (10th Cir. 1991) (holding that pro se pleadings are to be construed liberally by the courts). Accordingly the Court must consider whether Butler's Motion to Extend may be construed as a § 2255 motion, even though it was not styled as such. In his Motion to Extend, Butler states that he intends to raise "issues of ineffective assistance." Dkt. # 64. However, pursuant to Rule 2 of the Rules Governing Section 2255 Proceedings, a § 2255 motion must specify the grounds for relief, as well as "state the facts supporting each ground." Rule 2(b). See also United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (dismissing § 2255 claims for lack of factual support). While Butler has arguably specified that he seeks relief on the basis of ineffective assistance of counsel, he fails to state any facts in support of his argument. Accordingly, Butler's "Motion to Extend" is insufficient and may not be construed as a § 2255 motion.

### III.

Because the Court may not extend the time period to file a § 2255 motion and as Butler's handwritten letter is insufficient to be construed as a § 2255 motion, the Court must consider

---

[5] Some district courts have construed a petitioner's motion for an extension of time to file as a request for an equitable tolling of the limitations period. See, e.g., United States v. Willis, No. 95-20013, 1998 WL 458503, at *1 (D. Kan. Jul. 2, 1998) (denying a motion for extension of time to file a § 2255 motion and instead construing the motion as a request for equitable tolling). See infra for a discussion of equitable tolling.

4

whether Butler is entitled to equitable tolling of the statute of limitations period for his untimely § 2255 motion (Dkt. # 63).

A § 2255 motion filed after the statute of limitations period has expired is untimely unless equitable tolling of the limitations period is warranted. Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000). To warrant equitable tolling of the limitations period, defendant must demonstrate "extraordinary circumstances." See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights." Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). Defendant must also plead with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Marr, 141 F.3d at 978.

Although equitable tolling may be available to defendants who were prevented, through no fault of their own, from filing within the one-year statute of limitations, Butler provides no supporting evidence to show that he was prevented from filing within the limitations period, nor does he demonstrate that he acted diligently to pursue his claim. In his Motion to Extend (Dkt. # 64), Butler argues that he was unaware that his attorneys were not preparing a petition for a writ of certiorari on his behalf. Butler states that he made attempts to contact his attorneys between February 2007 and July 2008, but he provides no evidence to support his contention. Dkt. # 64. However, Butler acknowledges that he received the § 2255 paperwork in July 2008, prior to the expiration of the limitations period. He asserts no other reason why he was unable to prepare a timely § 2255 motion, nor can he explain why he waited until July 2008 to inquire at the Tenth Circuit about the status of his case and attempt to extend the limitation period. Therefore, because

equitable tolling of the limitations period is an "extraordinary remedy," see Coppage v. McKune, 534 F.3d 1279, 1281 (10th Cir. 2008), the Court cannot find that Butler was prevented from asserting his rights pursuant to § 2255. Butler's § 2255 motion is untimely.[6]

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 63) is **dismissed with prejudice**; defendant's Motion to Extend (Dkt. # 64) is **dismissed**; and defendant's Motion for Judgment of Pleadings (Dkt. # 70) is **moot**. A separate judgment is entered herewith.

**DATED** this 23rd day of January, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[6] Because Butler's § 2255 motion is untimely, his request to supplement, as asserted in his Motion for Judgment of Pleadings (Dkt. # 70) is futile and, therefore, moot.