# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-CR-0004-CVE |
| ) | (08-CV-0527-CVE-PJC) |
| JUAN DESHANNON BUTLER, ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Reconsider Under Fed.R.Civ.P. 59(e) Alter or Amend Judgment (Dkt. # 73). On January 23, 2009, the Court dismissed with prejudice as time-barred defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. # 71. Defendant filed this motion, arguing that the Court erred when it dismissed his § 2255 motion because he diligently pursued his claims and his § 2255 motion should have been deemed timely due to excusable neglect.

## I.

On or about August 15, 2008, Butler prepared a handwritten letter, which he called a Motion to Extend.[1] Dkt. # 64. On September 10, 2008, the Court received Butler's § 2255 motion to vacate, set aside, or correct sentence. Butler's deadline for filing a timely § 2255 motion was August 6, 2008. Therefore, Butler's motion was filed after the one-year statute of limitations provided by §

---

[1] On or about July 31, 2008, Butler sent a similar request to the Tenth Circuit (Dkt. # 64). While that request was within the limitations period, it was improperly before the Tenth Circuit and was not considered. Butler's letter to this Court was not filed until September 10, 2008.

2255, and was untimely. In its Opinion and Order (Dkt. # 71), the Court held that it did not have the authority to grant an extension of time to file a § 2255 motion, and denied Butler's request to file after the statutory limitations period had expired. The Court also determined that Butler's motion to extend could not be construed as a § 2255 motion because he failed to state the grounds for relief and provide specific facts in support of each ground. Id. Finally, the Court found that Butler was not entitled to equitable tolling because there was no evidence to suggest that he was prevented from filing within the statutory limitations period, nor did he demonstrate that he acted diligently in pursuit of his claim. Id.

## II.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). If a motion to reconsider is filed within the ten days permitted by Rule 59(e), it is treated as a motion to alter or amend a judgment; if it is filed after the ten day period has elapsed, it is treated as a motion under Rule 60(b). Id. Here, Butler's motion was filed within ten days (excluding weekends and legal holidays) after entry of the judgment of dismissal. Accordingly, the motion to alter or amend judgment under Fed.R.Civ.P. 59(e) is timely. See Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006).

The Tenth Circuit has held that "[g]rounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of

Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Therefore, a Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id. A party may not, however, use a Rule 59(e) motion "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id. Finally, a pro se habeas petitioner is entitled to every benefit of the doubt. See Hall v. Bellmon, 935 F.2d 1109-10 (10th Cir. 1991) (holding that pro se pleadings are to be construed liberally by the courts).

### III.

Butler asks the Court to reconsider its denial of his § 2255 motion. However, the Court has reviewed his motion to reconsider and finds that he has failed to meet any of the criteria for reconsideration under Rule 59(e). There has been no intervening change in the law regarding the one-year limitations period applicable to § 2255 motions, nor does Butler argue that there is new evidence that was previously unavailable. Rather, it appears that Butler is attempting to argue that the Court's decision to dismiss his § 2255 motion was "clear error" or would result in a "manifest injustice." See Servants of Paraclete, 204 F.3d at 1012. Butler argues that the Court should have found that he was entitled to equitable tolling of the limitations period because he submitted his motion to extend his time to file a § 2255 motion to the Tenth Circuit instead of this Court. However, Butler previously raised that argument, and a Rule 59(e) motion may not be used to raise issues already addressed by the Court. See id. The Court finds that there was no clear error or manifest injustice in its previous decision to dismiss Butler's § 2255 motion. Butler's motion to reconsider is thus without merit.

**IT IS THEREFORE ORDERED** that Motion to Reconsider Under Fed.R.Civ.P. 59(e) Alter or Amend Judgment (Dkt. # 73) is **denied**.

**DATED** this 25th day of February, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT