# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CR-0004-CVE |
| ) | (18-CV-0244-CVE-JFJ) |
| JUAN DESHANNON BUTLER, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant Juan Deshannon Butler's "affidavit of fact," which, based on its contents, was docketed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 119).

On January 6, 2005, a grand jury returned an indictment charging defendant with one count of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Dkt. # 2. On September 20, 2005, a jury found defendant guilty of this charge. Dkt. # 41. On January 17, 2006, the Court sentenced defendant to a term of imprisonment of 180 months and a term of supervised release of five years. Dkt. # 48. Defendant appealed the Court's judgment and sentence, and the Tenth Circuit affirmed. Dkt. # 50; Dkt. # 61. On September 10, 2008, defendant filed his first motion for relief under § 2255 (Dkt. # 63). The Court dismissed this motion with prejudice. Dkt. ## 71-72. Defendant appealed, but the Tenth Circuit dismissed his appeal. Dkt. # 76; Dkt. # 81. On March 8, 2012, defendant filed his second motion for relief under § 2255 (Dkt. # 83), which the Court also denied. Dkt. # 84. Again, defendant appealed, but the Tenth Circuit affirmed the Court's decision. Dkt. # 87; Dkt. # 97. On September 28, 2012, defendant filed with the Tenth Circuit a petition for permission to file a successive § 2255 motion, which the

Tenth Circuit denied. Dkt. # 99. On September 15, 2015 defendant filed with the Tenth Circuit a second petition for permission to file a successive § 2255 motion, which the Tenth Circuit also denied. Dkt. # 101.

Defendant has now filed with the Court (without first obtaining the required authorization from the Tenth Circuit) a third motion for relief under § 2255 (Dkt. # 119). Defendant is asking the Court to vacate his conviction, and this type of relief can be granted exclusively under § 2255. Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). Defendant has already filed two § 2255 motions, which were dismissed, and this motion must be treated as a second or successive § 2255 motion.[1]

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether

---

[1] Although defendant has served his term of imprisonment, he remains on supervised release until December 9, 2018. Dkt. # 104. He, therefore, "remains 'in custody' and is eligible to proceed under § 2255." United States v. Scott, 552 Fed. App'x 838, 838 n.1 (10th Cir. 2004) (citing United States v. Cervini, 379 F.3d 987, 989 n.1 (10th Cir. 2004) (this and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.)); see also Gall v. United States, 552 U.S. 38, 48-49 (2007) (noting the "substantial restriction of freedom involved in a term of supervised release").

the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous cases)).

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In defendant's motion, he alleges that his conviction was "fraudulent," Dkt. # 119, at 1, but defendant provides no basis whatsoever for this assertion.[2] It would, therefore, be a waste of judicial resources to transfer defendant's motion to the Tenth Circuit, and his motion should be dismissed for lack of jurisdiction.

---

[2] Defendant's motion is a collection of quotations from which the Court can ascertain no intelligible logic or argument.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 119) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 9th day of May, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE